FILED

2004 MAR -4  A 11: 40

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA SNOWDEN | : | CIVIL ACTION NO. 3:02-CV-1503(AHN) |
| | : | |
| V. | : | |
| | : | |
| KEVIN MCCARTHY | : | MARCH 4, 2004 |

### DEFENDANT'S TRIAL MEMORANDUM

**I. Trial Counsel**

A. For the defendant:

> Hugh F. Keefe
> Nicole M. Fournier
> 52 Trumbull Street
> P.O. Box 1612
> New Haven, CT 06506-1612
> (203) 787-0275
> (203) 787-0278 Fax

B. For the Plaintiff

> 1. John R. Williams
> Norman A. Pattis
> Williams & Pattis
> 51 Elm Street, Suite 409
> New Haven, CT 06510

1
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

## II.    Jurisdiction

The plaintiff claims  subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.  The plaintiff further claims Title 42 U.S.C. §§ 1983 and 1988.

## III.    Jury

This case is claimed to a jury.

## IV.    Nature of Case

The plaintiff claims that she was subjected to excessive force by Officer McCarthy while in his custody.

## V.    Stipulations of Fact and Law[1]

Stipulations of Fact

1.  At all times relevant to this action, Kevin McCarthy was employed by the Town of East Haven as a police officer.

2.  At all times relevant to this action, Kevin McCarthy was acting within the scope of his authority and under color of law.

---

[1]  Counsel for the defendant will stipulate to the facts and law set forth herein.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

3. On January 7, 2000, the Patricia Snowden was visiting her son at the Newtown Correctional Facility. While there, she was taken into custody by the Connecticut State Police for an outstanding warrant. She was handcuffed and placed into the police vehicle for transport.

4. Patricia Snowden complained of pains and was transported by the Connecticut State Police to Griffin Hospital.

5. Officer Kevin McCarthy was dispatched to pick Patricia Snowden up at the Connecticut State Police barracks.

6. While en route, Officer McCarthy was advised to instead go to Griffin Hospital.

7. Patricia Snowden was released from the hospital into Officer McCarthy's custody.

8. Officer McCarthy went outside to heat up the transport van prior to placing Patricia Snowden inside.

9. Officer McCarthy did not handcuff Patricia Snowden.

10 A bail bondsman from DiAdamo & Fitch posted bail for Patricia Snowden and she was released from the East Haven Police Department.

12. Patricia Snowden's daughter drove her home.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

Stipulations of Law

1. Every person who, under color of any statute . . . of any state . . .subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution shall be liable to the party injured . . . Title 42 U.S.C. § 1983.

2. The law provides that a police officer is justified in using physical force upon another person when and to the extent that he reasonably believes it necessary (i) to effect an arrest or to prevent the escape from custody of a person whom he reasonably believes to have committed an offense, or (2) to defend himself or third persons from the use or imminent use of physical force.

3. A person is _not_ justified in using physical force to _resist_ an arrest by a reasonably identifiable police officer, whether such arrest is legal or not.

4. A constitutional violation does not occur where a person was injured due to the _negligence_ of a police officer, but rather only if the officer's conduct was _intentional_.

6. In using force, a police officer is not required to use the most reasonable alternative available.

7. An officer may be liable for excessive force _only_ if the plaintiff has proven that the force was unreasonable in the circumstances as they appeared to the officer at the time of and at the scene of the incident.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

8. When a plaintiff's injuries are caused by his own unlawful and/or violent resisting of an arrest, a police officer is <u>not</u> liable for injuries to the plaintiff.

9. When a plaintiff's injuries are the result of her own negligence or deliberate conduct, a police officer is not liable for those injuries.

10. Whether a police officer's use of force is reasonable or unreasonable depends on the totality of the circumstances surrounding that use of force, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight.

11. A police officer is entitled to use such force as a reasonable police officer would think is required under the circumstances.

12. A police officer is entitled to qualified immunity if his conduct did not violate a clearly established right of the plaintiff of which a reasonable person would have known, or it was objectively reasonable for him to believe that his acts did not violate clearly established rights of a suspect.

13. The law of qualified immunity is that even if the plaintiff proves that the defendant used excessive force, the plaintiff cannot prevail if the defendant proved to you that it was "objectively reasonable" for him to believe that his acts did not violate the plaintiff's right not to have excessive force used.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

18. The immunity accorded police officers by this rule is a defense to all but the plainly incompetent or those who knowingly violate the law. If police officers of reasonable competence could disagree on the legality of the degree of force used, the defendants are <u>not</u> liable.

## VI.    Plaintiff's Contentions

The plaintiff contends that she was subjected to gross and unnecessary brutality. She claims that numerous police officers at the East Haven police department grabbed her around her neck and dragged her within and around the police department.

The plaintiff further claims that she was sexually assaulted by Kevin McCarthy and other officers while in their custody. She claims that Kevin McCarthy went into her cell and forced her pants down, then laid on top of her. She further claims he and others grabbed her breasts.

## VII.    Defendants' Contentions

The defendant denies each and every one of the plaintiff's claims set forth in the complaint including, but not limited to, the plaintiff's claim that Officer McCarthy subjected her to any sort of brutality or force. The defendant further denies that he sexually assaulted the plaintiff or touched her inappropriately.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

In addition, the defendant submits that he is immune from suit under both federal and state statutory and common law. The defendant acted reasonably and in good faith under the circumstances. Any injuries that may have been suffered by the plaintiff were suffered by her own actions and condition.

**VIII.** **Legal Issues**

    1. Did the defendant, Officer Kevin McCarthy, use unreasonable force upon the plaintiff in violation of her Fourth Amendment rights?

    2. Did the defendant, Kevin McCArthy, cause the plaintiff to suffer severe emotional distress?

**IX.** **Voir Dire Questions**

    Please see Defendants' proposed Voir Dire Questions, attached.

**X.** **Defendants' Potential Witnesses**

1.  Officer Kevin McCarthy
    East Haven Police Department
    471 North Main Street
    East Haven, CT  06512
    Officer McCarthy is expected to testify
    as to his knowledge of the facts and
    circumstances surrounding this case.
    Estimated length of testimony: 3 hours

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

2. Sergeant John Alves
   East Haven Police Department
   471 North Main Street
   East Haven, CT 06512
   Sergeant Alves is expected to testify as to his knowledge of the facts and circumstances
   surrounding this case.
   Estimated length of testimony: 1 hour

3. Dirk Bachmann
   American Medical Response
   Mr. Bachman is expected to testify about his treatment and observations of the plaintiff.

4. Joanne Mencucci
   American Medical Response
   Ms. Mencucci is expected to testify about her treatment and observations of the plaintiff.

5. John Cinque
   East Haven Fire Department
   Mr. Cinque is expected to testify about his treatment and observations of the plaintiff.

6. Keith D'Amico
   East Haven Fire Department
   Mr. D'Amico expected to testify about his treatment and observations of the plaintiff.

7. Colin Conklin
   American Medical Response
   Mr. Conklin expected to testify about his treatment and observations of the plaintiff.

8. Lt. Thomas DaCosta.
   471 North Main Street
   East Haven, CT 06512
   Lt. DaCosta is expected to testify as to his knowledge of the facts and circumstances    s
   surrounding this case.
   Estimated length of testimony: 1.5 hours

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

9. Officer Benjamin DeCrosta.
   471 North Main Street
   East Haven, CT 06512
   Officer DeCrosta is expected to testify as to his knowledge of the facts and circumstances surrounding this case.
   Estimated length of testimony: 1 hour

10. Sgt. Jeffrey Emons
    471 North Main Street
    East Haven, CT 06512
    Sgt. Emons is expected to testify as to his knowledge of the facts and circumstances surrounding this case.
    Estimated length of testimony: 1 hour

11. Officer Daniel Gilhuly
    471 North Main Street
    East Haven, CT 06512
    Officer Gilhuly is expected to testify as to his knowledge of the facts and circumstances surrounding this case.
    Estimated length of testimony: 1 hour

12. Officer Lance Helms
    471 North Main Street
    East Haven, CT 06512
    Officer DeCrosta is expected to testify as to his knowledge of the facts and circumstances surrounding this case.
    Estimated length of testimony: 1 hour

13. Officer George Kammerer
    471 North Main Street
    East Haven, CT 06512
    Officer DeCrosta is expected to testify as to his knowledge of the facts and circumstances surrounding this case.
    Estimated length of testimony: 1 hour

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

14. Officer John Kenney
    471 North Main Street
    East Haven, CT  06512
    Officer DeCrosta is expected to testify as to his knowledge of the facts and circumstances
    surrounding this case.
    Estimated length of testimony: 1 hour

15. Officer Alfred Maio
    471 North Main Street
    East Haven, CT  06512
    Officer DeCrosta is expected to testify as to his knowledge of the facts and circumstances
    surrounding this case.
    Estimated length of testimony: 1 hour

16. Detective Thomas Russell
    471 North Main Street
    East Haven, CT  06512
    Officer DeCrosta is expected to testify as to his knowledge of the facts and circumstances
    surrounding this case.
    Estimated length of testimony: 1 hour

17. Trooper Richard McDaniels
    Connecticut State Police
    Trooper McDaniels is expected to testify about his knowledge of the facts and circumstances
    surrounding this case.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

◇

## XI.  **List of Exhibits**

### A. <u>Plaintiff's Proposed Exhibits</u>

Unknown.


### B.  <u>Defendants' Proposed Exhibits</u>

- Case/Incident Report(s) of Ofc. Kevin McCarthy of 1/7/00.

- Incident Report of Ofc. Kevin McCarthy of 1/7/00.

- Uniform Arrest Report dated 1-7-00.

- Initial Report and Continuation of Investigation Report, dated 1/8/00 by the
  Connecticut State Police.

- Arrest Profile of Patricia Snowden, dated 1/7/00.

- East Haven P.D. punch-cards regarding Patricia Snowden.

- Misdemeanor/M.V. Summons and Complaint dated 9/27/98.

- Arrest Warrant and Application, signed by Judge Sequino, dated 11/20/98.

- Appearance Bond, dated 1/8/00.

- American Medical Response service form, for CMED number 1775.

◇

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

- American Medical Response trip report dated 1/8/00.

- American Medical Response CAD Information sheets dated 1/8/00.

- American Medical Response Incident Log, dated 1-8-00.

- East Haven police department records, including case incident reports and punch cards.

- Griffin Hospital Release Authorization

- Prior Trial testimony of Plaintiff

## XII. Deposition Testimony

The parties do not expect any witnesses to testify by way of deposition.

## XIII. Requests for Jury Instructions

Please see Defendants' Proposed Jury Charge, attached.

## IX. Anticipated Evidentiary Problems

The defendants may object to some of the plaintiff's witnesses and exhibits.

## XVI. Trial Time

The defendants estimate that the trial will take approximately 3 weeks.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

## XVII.  **Further Proceedings**

The parties do not foresee any further proceedings prior to trial.

## VIII.  **Statement in Lieu of Opening Statement**

Plaintiff

Unknown.

Defendant

The defendant denies the plaintiff's claims. The defendant submits that he treated the plaintiff with care and courtesy.  Any injuries that may have been suffered by the plaintiff were suffered in whole by her own conduct and condition that evening. The defendant denies, however, that the plaintiff, in fact, suffered any injuries while in police custody.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

THE DEFENDANT

BY: _____

Hugh F. Keefe, Esq.
Federal Bar No. ct05106
Nicole M. Fournier, Esq.
Federal Bar no. ct 18555
Lynch, Traub, Keefe & Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06510
(203) 787-0275
(203) 787-0278
nfournier@ltke.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was hand-delivered on March 4, 2004 to all counsel and pro se parties of record as follows:

John Williams, Esq.
Williams & Pattis
51 Elm Street, Suite 409
New Haven, CT 06510

_____
Hugh F. Keefe, Esq.

14

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.    ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

## DEFENDANTS' PROPOSED VOIR DIRE

(Prior to commencement of jury selection, the defendants may submit additional proposed questions and/or delete one or more of the following questions).

1.    Has anyone here, or any relative or friend of anyone here, filed any Complaint against any police officer for any reason? If so, please explain.

2.    Has anyone here, or any relative or friend of anyone here, brought any lawsuit against any police officer for any reason? If so, please explain.

3.    Has anyone here, or any relative or friend of anyone here, ever brought a lawsuit against a city or town for any reason? If so, please explain.

4.    Has anyone here, or any relative or close friend of anyone here, ever had an unpleasant experience with a police officer or any other law enforcement agent? If so, please explain.

5.    Has anyone here ever sat on a jury in which there has been an allegation of police wrongdoing? If so, please explain.

6.    Has anyone here ever been stopped by any police officer for any reason? If so, please explain.

7.    Has anyone here ever been arrested for any reason by any police officer, including traffic arrests? If so, please explain.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

8.  Has anyone here ever been searched by a police officer, or had a car or apartment searched?

9.  Besides sitting on a jury involving an allegation against a police officer, have you sat on any other type of jury before?

(a)  Was it a civil or criminal?

(b)  Did it go to a verdict?

(c)  State what court it was in and when.

10.  In this lawsuit, the plaintiff must prove her case by a preponderance of the evidence and if she does not, you will be instructed to return a verdict in favor of the defendants. Is there anyone here who cannot follow that instruction?

11.  Does any member of the panel know the plaintiff or the plaintiff's lawyer?

12.  Have any of you ever studied law? Where? When? Do any of you have any relatives or friends who are lawyers or who are presently studying law?

13.  Is there any reason why anyone cannot sit on this case and be completely fair and impartial and decide this case strictly on the basis of the evidence that comes into this courtroom and nothing else?

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\TRIAL MEMORANDUM.DOC

## **DEFENDANTS' PROPOSED JURY CHARGES (UPDATED)**

(The defendants reserve the right to revise this proposed jury charge based on the evidence presented at trial).

This is a case in which the plaintiff claims that her civil rights were violated because the defendant deprived her of protections secured to her by the Constitution of the United States.  The suit is brought under a section of Federal law known as Civil Rights Act, which provides as follows:

> Every person who, under color of any statute . . . of any state . . .
> subjects or causes to be subjected any citizen of the United
> States to the deprivation of any rights, privileges or immunities
> secured by the Constitution shall be liable to the party injured . . .

Title 42 U.S.C. § 1983.

I may refer to this claim as a "§ 1983 claim."

In order to prove a §1983 claim, the plaintiff must prove to you, by a preponderance of the evidence, the following three elements:  First, that the defendant acted under the color of state law.  Second, that defendant intentionally committed acts that deprived the deceased of a right or rights secured by the Constitution.  And third, that the acts of the defendant were the proximate, or legal, cause of the plaintiff's injuries.   As I will explain later, if the plaintiff does in fact prove these elements by a

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SHOWDEN\PROPOSED JURY CHARGES.DOC

preponderance of the evidence, you will then need to consider whether the defendant raised a valid defense that his actions were legally justified by the circumstances of the case.

The first issue is not in dispute. The defendant stipulates that they acted under color of state law, as provided by the statute.   Therefore, at this point, you need only consider the second two issues; that is, whether the defendant deprived the plaintiff of her right not to be subjected to unreasonable force and, if so, whether the defendant's actions were the legal cause of any injury suffered by the plaintiff.

In this case, the plaintiff alleges that the defendant, Kevin McCarthy, violated the her constitutional rights by: 1) subjecting her to unreasonable force.

## POLICE OFFICER TESTIMONY

There is testimony in this case given by law enforcement officers. Their testimony is entitled to no special sanctity or suspicion. Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness does. You should recall the officer's demeanor on the stand and manner of testifying, and the substance of the testimony and you must weigh and balance it just as carefully as you would the testimony of any other witness.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Snowden\Proposed Jury Charges.doc

## ORDER OF EVIDENCE

There are generally two parts to the way a trial is presented. First the plaintiff presents its case and then the defendant presents his case. However, it should not be of concern to you whether particular evidence comes in during the plaintiff's case or during the defendant's case. The evidence will be presented in the manner and sequence the Court and the attorneys deem necessary and appropriate. You must consider all the evidence that the Court determines is properly admitted, and give it such weight as you deem appropriate.

You have to be concerned with competing interests, both of which are important. On the one hand, there is the interest of the defendant police officer in the proper performance of his duties including the protection of his own safety and the protection of the rights of other persons. On the other hand, there is the interest of, in this case, the plaintiff to enjoy her constitutional rights. Now, I do not mean to suggest that the plaintiff should win simply because physical contact or force occurred between her and a police officer. Nor do I mean to suggest that the defendant should win simply because they were on duty and acting as peace officers. There are standards for you to apply and the law tries to accommodate the competing interests of the citizens and the police officer.

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street  P.O. Box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Snowadd\Proposed Jury Charges.doc

## **EXCESSIVE FORCE**

Plaintiff claims that her constitutional rights were violated when she was allegedly subjected to excessive force by Officer McCarthy. You must decide whether the defendant acted as the plaintiff claims.

The law provides that a police officer is justified in using physical force upon another person when and to the extent that he reasonably believes it necessary (i) to effect an arrest or to prevent the escape from custody of a person whom he reasonably believes to have committed an offense, or (2) to defend himself or third persons from the use or imminent use of physical force.

Furthermore, a person is <u>not</u> justified in using physical force to <u>resist</u> an arrest by a reasonably identifiable police officer, whether such arrest is legal or not.

In deciding whether plaintiff has proven that the force used was unreasonable in the circumstances, I caution you that a constitutional violation does not occur where a person was injured due to the <u>negligence</u> of the defendants. Rather, you must find that the police officers' conduct was intentional.

Nor are the officers' actions to be judged with the benefit of "20/20 hindsight." The reasonableness of the inquiry depends only on the officer's knowledge of circumstances immediately at the moment he made the split-second decision to employ

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

deadly force.  Police officers must make instant judgments, often while engaged in a

physical struggle.  The law does not punish police officers for mistakes in judgment in

such circumstances.  Instead, you may find the officer liable for excessive force only if

the plaintiff has proven that the force was unreasonable in the circumstances as they

appeared to the officer at the time of and at the scene of the incident.  The burden of

proof is on the plaintiff to persuade you by a preponderance of the evidence that

excessive force was used.

> 4 Modern Federal Jury Instructions, Civil 87-76, 87-77. Maria
> Salim, Administratrix v. Proulx, 93 F.3d 86, 92 (2d. Cir. 1996).

When a plaintiff's injuries are caused by her own unlawful and violent resisting of

an arrest, a police officer is not liable for injuries to the plaintiff.  Similarly, when a

plaintiff's injuries are the result of her own negligence or conduct, a police officer is not

liable for those injuries.

> Graham v. Connor, 109 S.Ct. 1865, 104 L.Ed. 2d 443 (1989);
> Oklahoma City v. Tuttle, 471 U.S. 105 S.Ct. 2427, 86 L.Ed.2d 791
> (1985); Rochin v. California, 342 U.S. 165 (1952); Johnson v. Glick,
> 481 F.2d 1028 (2d Cir., 1973), cert. denied, 414 U.S. 1033 (1973);
> Brudney v. Emstrudo, 414 F. Supp. 1187, 1190 (D.Conn. 1976);
> Madden v. Town of Meriden, Civ. No. N-84-41 (EBB) (Feb. 8, 1985);
> C.G.S. 53a-23, also, Whitley v. Albers, 54 U.S.L.W. 4236 (Mar. 4, 1986).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Snowden\Proposed Jury Charges.doc

Whether a police officer's use of force is reasonable or unreasonable depends on the circumstances surrounding that use of force, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

A police officer is entitled to use such force as a reasonable police officer would think is required under the circumstances. Accordingly, if the force used was greater than the amount of force a reasonable officer would use, then the force is excessive. On the other hand, if the force used was not greater than the force a reasonable police officer would use, then the force is, of course, not excessive.

The mere fact that an officer may have fired more shots from his weapon than necessary is not a basis for finding that he used excessive force. Police officers are trained to fire until the threat of serious or deadly force is abated. So-called "extra shots" are not considered excessive force when those shots were due to the officer's uncertainty as to when the threat of danger has ended.

Towsell v. Lewis, 938 F.Supp. 728 (U.S.D.C. Kansas 1996)

QUALIFIED IMMUNITY

W:\EAST HAVEN\SHOWDEN\PROPOSED JURY CHARGES.DOC

If the plaintiff has failed to prove all of her claims against Robert Flodquist and Gary DePalma by a preponderance of the evidence; then the plaintiff may <u>not</u> recover on any of her claims and you need not deliberate any further.

> <u>Russo v. Coppola</u>, United States District Court, District of Connecticut, Civil No. 3-93-1734 (AHN), Jury Charge.

But, even if you were to find that the plaintiff proved one or more of her claims against Robert Flodquist or Gary DePalma, the defendants still may not be liable to the plaintiff if the defendants are entitled to what is called <u>qualified immunity</u>. A jury must find that a police officer is entitled to qualified immunity if his conduct did not violate a clearly established right of the plaintiff of which a reasonable person would have known, or it was objectively reasonable for him to believe that his acts did not violate clearly established rights of a suspect.

> <u>Posr v. Dohery</u>, 944 F.2d 91 (@d Cir. 1991);  <u>Calamia v. City of New York</u>, 879 F.2d 1025 (2d Cir. 2989); <u>Finnegan v. Fountain</u>, 915 F.2d 817 (1990).

The law of qualified immunity is that even if the plaintiff proves that the defendants used excessive force in effectuating the arrest, the plaintiff cannot prevail if the defendants have proved to you that it was "objectively reasonable" for them to believe that their acts did not violate the plaintiff's right not to have excessive force used. The immunity accorded police officers by this rule is a defense to all but the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

plainly incompetent or those who knowingly violate the law.  If police officers of reasonable competence could disagree on the legality of the degree of force used, the defendants are <u>not</u> liable.

> <u>Finnegan v. Fountain</u>, supra 915 F.2d 823; <u>Lowth v. Town of Cheektowage</u>, 82 F.2d 563, 569 (2d Cir. 1996).

At the time of the incident giving rise to this lawsuit, it was, of course, clearly established in the law that a person had a constitutional right to be free from the unreasonable use of force by police.  However, even where rights or where the law are clearly established, a police officer will not be liable if it was <u>objectively</u> <u>reasonable</u> for him to believe his particular acts were lawful.

> <u>Wyatt v. Cole</u>, 504 U.S. 158, 165-166 (1992); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818-19 (1982); <u>Russo v. Coppola</u>, supra; <u>Finnegan v Fountain</u>, 915 F.2d 817, 823 (2d Cir. 1990).

In deciding whether the actions of the defendants were objectively reasonable, you may consider the nature of a police officer's official duties, the character of his official position, the information which was known to him or not known to him, and the event or events which confronted him.  You must ask yourself how a reasonable police officer in each defendant's situation would have acted.  You should <u>not</u>, however,

8

W:\EAST HAVEN\SNOWDEN\PROPOSED JURY CHARGES.DOC

consider what each defendant's subjective intent was, even if you believe it was to harm the plaintiff.  You may also use your own common sense.

>4 Modern Federal Jury Instructions, Instruction 87-86; <u>Russo v. Coppola</u>, <u>supra.</u>

## <u>GOOD FAITH DEFENSE</u>

The defendant police officers have alleged, as a special defense, that they acted in "good faith" in their capacity as police officers.  In other words, even if you find some facts in favor of the plaintiff, you must find in favor of a police officer if you find that he acted in good faith.  A defendant police officer acts in good faith <u>unless</u> the objective facts known to the police officer were so lacking in indications of reliability that no police officer could reasonably believe that a sufficient basis for his actions existed.

If the plaintiff first proves by a preponderance of the evidence that a sufficient basis was lacking for the police officers' actions, then and only then, do the defendants have the burden of producing some evidence that they acted in good faith.  Once the defendants have produced credible evidence that they acted in good faith, even though a sufficient basis for their actions was lacking, the burden shifts back to the plaintiff to offer other evidence to overcome the evidence of good faith.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\PROPOSED JURY CHARGES.DOC

What this means here is that if you determine that the officers may have violated the plaintiff's rights, you must then determine whether they were acting in good faith in their capacities as police officers. Again, you must keep in mind that the ultimate burden of proof is always on the plaintiff to prove by a preponderance of the evidence that an insufficient basis for the officer's action in good faith were lacking.

Harlowe v. Fitzgerald, 457 U.S. 800 (1982); Malley v. Briggs, 475 U.S. 335 (1986).

## DAMAGES

Now, if you have found the plaintiff has proven by a preponderance of the evidence that the defendant unlawfully used excessive force against her, and you find that the defendant is not entitled to qualified immunity and that he did not act in good faith, then you may at this point, and only at this point, consider what compensatory damages if any, are due to the plaintiff.

Of course, the fact that I give you instructions on damages should not be taken as an indication that I think damages should, or should not, be awarded. That is a determination which is left entirely to the jury. I am instructing you on principles governing damage awards so that, in the event you should the defendant liable, you will know on what basis to consider any award of damages.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDEN\PROPOSED JURY CHARGES.DOC

You may only award those damages which the plaintiff has proven by a preponderance of the evidence to have suffered, and which was proximately caused by the defendant's conduct. Conduct is considered a proximate cause if it was a direct and substantial factor in causing the injury.

Compensatory Damages. There are two kinds of damages that you may consider. The first is compensatory damages: a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. You may consider any dollar loss suffered, such as for medical expenses or lost wages, as well as a reasonable amount to compensate for any pain, suffering, or embarrassment which you find to have occurred. You may also, if you find it warranted, award plaintiff only "nominal" damages, of one dollar or more. In fact, you may not award more than nominal damages unless the plaintiff has demonstrated actual injury as I have defined it. The law does not recognize an abstract or inherent monetary value for a constitutional right.

> Memphis Community School District, et al. v. Stachura, 54 U.S.L.W. 4771 (June 25, 1986); Carey v. Piphus, 435 U.S. 247 (1978); McKenna v. Peekskill Housing Authority, 647 F.2d 332, 335, 337 (2d Cir., 1978); David v. Village Park II Realty Co., 578 F.2d 461 (2d Cir., 1978); Crawford v. Garnier, 719 F.2d 1317 (7th Cir., 1983); Families Unidas v. Briscoe, 619 F.2d 391, 402 (5th Cir., 1980); Jordan v. Dellway Villa of Tenn. Ltd., 661 F.2d 588, 594 (6th Cir., 1981); Bush v. Muncy, 659 F. 2d 77, 79 (6th Cir., 1981).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 08506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Snowden\Proposed Jury Charges.doc

Punitive Damages.  Only if you decide to award compensatory damages to the plaintiff, may you then consider whether or not to award punitive damages to that plaintiff.  The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some extraordinary or outrageous misconduct, and to serve as an example or warning to others not to engage in wrongful conduct.  If you find the issues in favor of a plaintiff and award compensatory damages on a particular claim, and if you further find that the acts of the particular defendant liable on that claim were done because of his maliciousness, or his reckless or callous disregard of or indifference to the rights or safety of others, then you may award punitive damages as you find proper.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are allowed only if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal.  You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason, and you should take into consideration any evidence of the defendants' net wroth and thus the relative impact on the defendants' livelihood.  They must never

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Snowden\Proposed Jury Charges.doc

be either awarded, or fixed in amount, because of bias, sympathy or prejudice with

respect to any party to the case.

>    Smith v. Wade, 461 U.S. 30 (1983); Zarcone v. Perry, 572 F.2d 52 (2d
>    Cir., 1978).

## ATTORNEY'S FEES

Your decision on what damages to award, if any, should not be influenced by the

attorney's fees to which counsel may be entitled.  I instruct you that attorney's fees for

services in this lawsuit are not a proper element of damages and may not be a part of

your deliberations.  Attorney's fees are a matter for the court's consideration and may

be awarded by the court to counsel over and above damages awarded to a party.  Such

an award of attorney's fees is, however, for the court to determine.

>    Instruction given by Honorable Jose A. Cabranes
>    in Bodner v. Haeckel, Civil No. N-86-338 (JAC).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\SNOWDON\PROPOSED JURY CHARGES.DOC