UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PATRICIA SNOWDEN          :       NO. 3:02CV1503 (HBF)
                               :
VS.                     :
                               :
KEVIN MCCARTHY         :       APRIL 22, 2004

**PLAINTIFF'S TRIAL MEMORANDUM**

**(1)    TRIAL COUNSEL**

        John R. Williams
        Norman A. Pattis
        Katrena Engstrom
        Timothy J. Mahoney
        Christy H. Doyle
        Williams and Pattis, LLC
        51 Elm St.
        New Haven, CT 06510

**(2)    JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331,

1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of

the United States Code.

**(3)    JURY-NONJURY**

This is a jury case.

**(4)    NATURE OF CASE**

The plaintiff claims that she was subjected to excessive force by Officer McCarthy while in his custody.

**(5)    STIPULATIONS OF FACT AND LAW**

A.    FACT

1.    At all times relevant to this complaint, the defendant was employed by the Town of East Haven as a police officer.

2.    At all times relevant to this complaint, the defendant was acting within the scope of his employment.

**(6)    PLAINTIFF'S CONTENTIONS**

On the evening of January 7, 2000, the defendant was called to take custody of the plaintiff, who had been arrested on charges arising out of a motor vehicle matter in East Haven and who was at that time being treated at the Griffin Hospital in Derby, Connecticut.  The defendant took the plaintiff into custody at the hospital and transported her to the headquarters of the East Haven Police Department.  At the East Haven Police Department, the defendant subjected the plaintiff to gross and unnecessary force, grabbing her around the neck, hurling her body about and dragging her within the police confinement area.  Such force was unreasonable and unnecessary and violated the plaintiff's

2

right to be free from unreasonable force under the Fourth Amendment to the

United States Constitution. As a result, the plaintiff suffered pain, bruising, fear

and severe emotional distress and required medical care and treatment for her

injuries.

**(7)    DEFENDANT'S CONTENTIONS**

The defendant denies the plaintiff's claims.

**(8)    LEGAL ISSUES**

Was the amount of force applied reasonable under the circumstances?

Is a defense of qualified immunity applicable in this fact situation?

Has the plaintiff established that she suffered damages as a result of

the defendant's actions or omissions?

**(9)    VOIR DIRE QUESTIONS**

Please see Exhibit A.

**(10)   LIST OF WITNESSES**

1.    Officer Kevin McCarthy East Haven Police Department, East

Haven, CT.  Officer McCarthy is expected to testify as to his

knowledge of the facts and circumstances surrounding this case.

Estimated length of testimony: 1.5 hours.

2.    Patricia Snowden, 40 Downing St., New Haven, CT. The plaintiff

3

will testify concerning the events of 1/7/00, and her damages.
Estimated length of testimony: 2 hours.

3.    David R. Johnson, Ph. D., 19 Edwards St., New Haven, CT.  Dr.
Johnson will testify concerning his treatment of the plaintiff after
the incident. Estimated length of testimony: .5 hours.

4.    Frederick Haessler, M. D., Yale-New Haven Hospital. Dr. Haessler
will testify concerning his treatment of the plaintiff at the hospital
from 1/9-1/11/00. Estimated length of testimony: .5 hours.

5.    Richard Snowden, New Haven, CT.  The plaintiff's son will testify
concerning the plaintiff's damages. Estimated length of testimony:
.2  hours.

6.    Trooper Richard McDaniels, Connecticut State Police. He will
testify about his knowledge of events 1/7/00, from the time he
picked up the plaintiff at Garner until he last had contact with her
and other responsible parties at Griffin Hospital. Estimated length
of testimony: .3  hours.

7.    Sheila, the plaintiff's daughter, 1865 Milton Morris Drive, Charlotte,
North Carolina. She will testify concerning her observations at the
East Haven Police Department on 1/7/00 and she will testify

4

concerning the plaintiff's damages.  Estimated length of testimony: 1.0 hour.

8.    Roselle Snowden, daughter, 40 Downing St., New Haven, CT. She will testify concerning the plaintiff's damages. Estimated length of testimony: .5  hours.

9.    Dirk Bachman. American Medical Response.

Mr. Bachman is expected to testify about his treatment and observations of the plaintiff.. Estimated length of testimony: .2 hours.

10.    Joanne Mencucci, American Medical Response.

Ms. Mencucci is expected to testify about her treatment and observations of the plaintiff..  Estimated length of testimony: .2 hours.

11.    John Cinque, East Haven Fire Department. Mr. Cinque is expected to testify about his treatment and observations of the plaintiff.. Estimated length of testimony: .2 hours.

12.     Keith D'Amico, East Haven Fire Department. Mr. D'Amico expected to testify about his treatment and observations of the plaintiff. Estimated length of testimony: .2 hours.

13.     Colin Conklin, American Medical Response.  He is expected to testify about his treatment and observations of the plaintiff. Estimated length of testimony: .2 hours.

14.     Dr. Alan Radoff, Cardiology Consultants, Hamden, CT. He will testify concerning his consultation with the plaintiff on 2/25/00 and his report to her internist, Dr. Eduardo Anhalt. Estimated length of testimony: .2 hours.

## (11)   EXHIBITS

1. Discharge Instructions to Patient, Griffin Hospital, 1/7/00.

2. Emergency Room Record, Griffin Hospital, 1/7/00.

3. Discharge Summary, Yale-New Haven Hospital, 1/10/00.

4. Letter from Dr. Alan M. Radoff, to Dr. Eduardo Anhalt, 2/29/00.

4. Letter from Dr. David Read Johnson to State's Attorney's office, New Haven, 5/31/00.

## (12)   DEPOSITION TESTIMONY

None anticipated.

**(13)   REQUESTS FOR JURY INSTRUCTIONS**

Please see Exhibit B.

**(14)   ANTICIPATED EVIDENTIARY PROBLEMS**

None anticipated.

**(15)   PROPOSED FINDINGS AND CONCLUSIONS**

Not applicable.

**(16)   TRIAL TIME**

Two days of evidence.

**(17)   FURTHER PROCEEDINGS**

None.

**(18)   ELECTION FOR TRIAL BY MAGISTRATE**

The parties have agreed to trial by a Magistrate.

THE PLAINTIFF

_____
KATRENA ENGSTROM
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
FAX: (203)776-9494
Fed Bar No. ct09444

7

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via first class mail,

on the date set forth above, to the following counsel of record:

Attorney Nicole M. Fournier
Hugh F. Keefe, Esq.
P.O. Box 1612
New Haven, CT 06506-1612


_____
KATRENA ENGSTROM

## PROPOSED VOIR DIRE QUESTIONS

1.  This is a lawsuit for civil rights violations brought by a citizen against an officer of the East Haven Police Department.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind, namely a civil rights case, in which a private citizen is suing a police officer?

3.  Since the September 11, 2001 attack on the World Trade Center, do you believe that your view of the police has become more favorable, and for that reason, you would tend to believe a police officer's testimony more easily than the testimony of another witness?

4.  Have you or anyone close to you ever been employed as a policeman or by any law enforcement agency in any capacity?  If so, please explain.

5.  Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

6.  Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7.  Do you know or have you read anything or heard anything about this

9

case, the plaintiff or the defendants or any of the lawyers involved in the case?

8. Has anyone here ever served as an appointed or elected official of state, city or local Government?

9. Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10. Has anyone here or any close to you ever been employed by an attorney?

11. Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

12. Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

13. Does anyone here have any feeling that the testimony of a police officer is entitled to greater or lesser weight or believability than that of a civilian?

14. Have you or anyone close to you ever been the victim of a crime?

15. Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with policemen or law enforcement?

10

16.  Have you or anyone close to you ever been arrested?

17.  Has anyone here ever witnessed an arrest?

18.  Have you, or has anyone close to you, ever been a party to a lawsuit?  If so, please explain.

19..  If you are married, is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality?

THE PLAINTIFF

_____
KATRENA ENGSTROM (ct09444)
Williams & Pattis, LLC
51 Elm St., ste 409
New Haven, CT 06510
(203) 562-9931
Fax: 776-9494
E-Mail: kengstrom@johnrwilliams.com

## PROPOSED JURY INSTRUCTIONS

1.  The plaintiff has brought this lawsuit to obtain redress for what she contends were violations of her rights under the United States Constitution, specifically her right to be free from unreasonable force.  Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of her constitutional rights.  "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, a police officer or a municipality.  In this case, the plaintiff has met her burden of proving that the defendant acted under color of law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

2.  It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of her civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to win his case if the defendant McCarthy intended the actions which resulted in the violation of the plaintiff's rights or if the defendant McCarthy acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights means not caring whether or not those rights were being

violated.  [<u>Merriwether v. Coughlin</u>, 879 F.2d 1037 (2d Cir. 1989); <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1164 (1st Cir. 1989); <u>Stengel v. Belcher</u>, 522 F.2d 438 (6th Cir. 1975); <u>Gregory v. City of Rogers</u>, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); <u>Wood v. Ostrander</u>, 879 F.2d 583 (9th Cir. 1989); <u>Caballero v. City of Concord</u>, 956 F.2d 204 (9th Cir. 1992); <u>Presnick v. Santoro</u>, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

     3.  The testimony of a police officer is entitled to no special or exclusive sanctity.  An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, <u>CONN. JURY INSTRUCTIONS</u>, (2d Ed.) §667.]

     4.  Police officers have an affirmative duty to enforce the law and preserve the peace.  This includes stopping other police officers from violating

the law.  A police officer may not ignore the duty imposed by his office and fail to stop other officers who illegally arrest or search a third person in his presence. Thus, if you find that any police officer, whether or not named as a defendant, violated any of the civil rights of the plaintiff, and that the named defendant McCarthy did nothing to prevent it, although in a position to do so, then  Officer McCarthy himself is liable for that unlawful act.  [Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir. 1978); Bruner v. Dunaway, 684 F.2d 422 (6th Cir 1982); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972).]

    5.  When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for

their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one.  [Prosser, <u>Law of Torts</u>, Section 46, pp. 291-95 (4th Ed. 1971); <u>Gagnon v. Ball</u>, 696 F.2d 17 (2d Cir. 1982).]

     6.  Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully.  When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of wrongdoing.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.  A statement or act is "knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.  [<u>Fernandez v.</u>

Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978); United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d 435 (9th Cir. 1976); Opper v. United States, 348 U.S. 84, 92 (1954); Wilson v. United States, 162 U.S. 613, 620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]

7. If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

a)  The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

b)  The emotional harm to the plaintiff during and after the incident, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

c)  Lost wages or earnings;

d)  Attorney fees or other expenses and costs of legal representation;

e)  Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred.  Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.  You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not just  on the basis of the inherent value of the rights violated. Whenever you find that a constitutional right of a plaintiff has been violated by a defendant, the plaintiff is entitled at least to nominal damages for that loss.  Nominal damages, however, are ordinarily fixed in the amount of $1.00.  To support an award of damages in an amount greater than that, you must find that actual loss was proximately caused by the constitutional violation. The damages you award should be proportional to

17

the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you. [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

8.      You may also decide whether the plaintiff is entitled to the award of any punitive damages against the defendant.  In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

1)  Willful or malicious violation of the constitutional rights of the plaintiff;

2)  Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

18

3) Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages. [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

9.    The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

19

10.     The plaintiff also alleges that the defendant McCarthy intentionally inflicted emotional distress upon her in violation of Connecticut law.  Under Connecticut law, when a person engages in conduct which involves an unreasonable risk of causing emotional distress to another and that emotional distress is of a kind which, if caused, might adversely affect the plaintiff in a serious way, and the plaintiff actually has suffered such emotional injury, then the plaintiff is entitled to recover any damages which you determine are fair and just to compensate for the emotional distress she has suffered.  It is not necessary for there to be any physical injury in order for the plaintiff to recover. All that is necessary is that the conduct of the defendant have been outrageous, that it have been undertaken under such circumstances that a reasonable person would have known that it was likely to cause emotional distress, and that severe emotional distress actually has resulted.  If you find these facts to have been proven, then the defendant should be found liable to the plaintiff for the intentional infliction of emotional distress under Connecticut state law.  [Buckam v. People Express, Inc., 205 Conn. 166, 173 (1987); Murray v. Bridgeport Hospital, 40 Conn.Sup. 56 (Conn.Super. 1984); Buckley v. Lovallo, 2 Conn. App. 579 (1984); Petyan v. Ellis, 200 Conn. 243 (1986).]

11.  The plaintiff asks to be awarded damages for injuries and the

20

impairment of her health, which resulted from the mistreatment by the defendant
McCarthy in the course of detaining and processing her at the East Haven
Police Department on January 7, 2000.   She bases her claim upon what is
ordinarily spoken of as an assault. An assault, in a civil case such as this case,
may be defined as an unlawful application of force or violence to the person of
another.   That definition involves two elements: force or violence must be
applied to the person of another, and it does not matter, as far as the liability of a
defendant is concerned, how little or how great was that force or violence,
although, if you find that a defendant did commit an assault, the amount of
damages you can properly determine to be due the plaintiff would vary with the
extent and nature of the force applied.   The other element involved in the
offense alleged by the plaintiff is that the application of the force or violence
must be unlawful.   It is not necessary for the plaintiff to prove that the defendant
intended to injure the plaintiff and it is not necessary that the assault be
intentional or even reckless.   It is sufficient if the assault was the result of
negligence, that is to say, the failure of the defendant to use the care which a
person of ordinary prudence would use under the circumstances. [Lentine v.
McAvoy, 105 Conn. 528, 531 (1927); Morris v. Platt, 32 Conn. 75, 87 (1864);
Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) §400.]