UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA SNOWDEN | : | |
| | : | NO. 3:02CV1503(HBF) |
| | : | |
| VS. | : | |
| | : | |
| KEVIN MCCARTHY | : | |
| | : | MAY 3, 2004 |

**REVISED JOINT TRIAL MEMORANDUM**

1. **Trial Counsel**

   A. **For the defendant:**

   Hugh F. Keefe
   Nicole M. Fournier
   52 Trumbull Street
   P.O. Box 1612
   New Haven, CT 06506-1612
   (203) 787-0275
   (203) 787-0278 Fax

   B. **For the Plaintiff**

   1. John R. Williams; Norman A. Pattis;
      Katrena Engstrom; Timothy J. Mahoney;
      Christy H. Doyle; Kim Coleman Waisinovitz
      Williams & Pattis
      51 Elm Street, Suite 409
      New Haven, CT 06510
      (203) 562-9931
      (203) 776-9494

**2.**    **Jurisdiction**

The plaintiff claims subject matter jurisdiction over this action pursuant to 28

U.S.C. §§1331, 1343 and 1367.  The plaintiff further claims Title 42 U.S.C. §§1983 and

1988.

**3.**    **Jury**

This case is claimed to a jury.

**4.**    **Trial Length**

Three days.

**5.**    **Nature of Case**

The plaintiff claims that she was subjected to excessive force by Officer

McCarthy while in his custody.

**6.**    **Plaintiffs Contentions**

On the evening of January 7, 2000, the defendant was called to take custody of

the plaintiff, who had been arrested on charges arising out of a motor vehicle matter in

East Haven and who was at that time being treated at the Griffin Hospital in Derby,

Connecticut.  The defendant took the plaintiff into custody at the hospital and

transported her to the headquarters of the East Haven Police Department.  At the East

Haven Police Department, the defendant subjected the plaintiff to gross and

unnecessary force, grabbing her around the neck, hurling her body about and dragging

her within the police confinement area.  Such force was unreasonable and unnecessary and violated the plaintiff's right to be free from unreasonable force under the Fourth Amendment to the United States Constitution. As a result, the plaintiff suffered pain, bruising, fear and severe emotional distress and required medical care and treatment for her injuries.

7.    **Defendant's Contentions**

The defendant denies each and every one of the plaintiff's claims set forth in the complaint including, but not limited to, the plaintiff's claim that Officer McCarthy subjected her to any sort of brutality or force.  The defendant further denies that he sexually assaulted the plaintiff or touched her inappropriately.

In addition, the defendant submits that he is immune from suit under both federal and state statutory and common law.  The defendant acted reasonably and in good faith under the circumstances.  Any injuries that may have been suffered by the plaintiff were suffered by her own actions and condition.

8.    **Legal Issues**

1.  Did Officer McCarthy use excessive force upon the plaintiff while she was in police custody?

2.  If it is found that Officer McCarthy used excessive force, is he nonetheless

entitled to qualified immunity?

    3.  Has the plaintiff proven by a preponderance of the evidence that she suffered damages as a result of Officer McCarthy's actions?

**9.**    **Stipulations of Fact**

    1.  At all times relevant to this action, Kevin McCarthy was employed by the Town of East Haven as a police officer.

    2.  At all times relevant to this action, Kevin McCarthy was acting within the scope of his authority and under color of law.

    3.  On January 7, 2000, the plaintiff, Patricia Snowden was visiting her son at the Newtown Correctional Facility.  While there, she was taken into custody by the Connecticut State Police for an outstanding warrant. She was handcuffed by a state trooper and placed into the police vehicle for transport.

    4.  Patricia Snowden complained of pains while in the custody of the Connecticut State Police and was transported by them to Griffin Hospital.

    5.   Patricia Snowden was released from the hospital into Officer McCarthy's custody.

4

**Contested Issues**

1.  Patricia Snowden was dragged, pushed, pulled or in any way mishandled by East Haven police officers.

2.  Patricia Snowden was sexually assaulted by East Haven police officers.

**10.  Witnesses**

**A. Plaintiff's Potential Witnesses**

1.  Officer Kevin McCarthy,  East Haven Police Department, East Haven, CT. Officer McCarthy is expected to testify as to his knowledge of the facts and circumstances surrounding this case. Estimated length of testimony: 1.5 hours.

2.  Patricia Snowden, 40 Downing St., New Haven, CT. The plaintiff will testify concerning the events of 1/7/00, and her damages. Estimated length of testimony: 2 hours.

3.  David R. Johnson, Ph. D., 19 Edwards St., New Haven, CT.  Dr. Johnson will testify concerning his treatment of the plaintiff after the incident. Estimated length of testimony: .5 hours.

4.  Frederick Haessler, M. D., Yale-New Haven Hospital. Dr. Haessler will testify concerning his treatment of the plaintiff at the hospital from 1/9-1/11/00. Estimated length of testimony: .5 hours.

5

5.    Richard Snowden, New Haven, CT.  The plaintiff's son will testify concerning the plaintiff's damages. Estimated length of testimony: .2  hours.

6.    Trooper Richard McDaniels, Connecticut State Police. He will testify about his knowledge of events 1/7/00, from the time he picked up the plaintiff at Garner until he last had contact with her and other responsible parties at Griffin Hospital. Estimated length of testimony: .3  hours.

7.    Sheila Roselle, the plaintiff's daughter, 1865 Milton Morris Drive, Charlotte, North Carolina. She will testify concerning her observations at the East Haven Police Department on 1/7/00 and she will testify concerning the plaintiff's damages.  Estimated length of testimony: 1.0 hour.

8.    Ms. Snowden, daughter, 40 Downing St., New Haven, CT. She will testify concerning the plaintiff's damages. Estimated length of testimony: .5 hours.

9.    Dirk Bachman. American Medical Response.
      Mr. Bachman is expected to testify about his treatment and observations of the plaintiff.. Estimated length of testimony: .2  hours.

10.   Joanne Mencucci, American Medical Response.

Ms. Mencucci is expected to testify about her treatment and observations of the plaintiff..  Estimated length of testimony: .2 hours.

11.    John Cinque, East Haven Fire Department. Mr. Cinque is expected to testify about his treatment and observations of the plaintiff.. Estimated length of testimony: .2 hours.

12.     Keith D'Amico, East Haven Fire Department. Mr. D'Amico expected to testify about his treatment and observations of the plaintiff. Estimated length of testimony: .2 hours.

13.     Colin Conklin, American Medical Response.  He is expected to testify about his treatment and observations of the plaintiff.  Estimated length of testimony: .2 hours.

14.    Dr. Alan Radoff, Cardiology Consultants, Hamden, CT. He will testify concerning his consultation with the plaintiff on 2/25/00 and his report to her internist, Dr. Eduardo Anhalt. Estimated length of testimony: .2 hours.

**B.. Defendants' Potential  Witnesses**

1.    Officer Kevin McCarthy
East Haven Police Department
471 North Main Street
East Haven, CT  06512

Officer McCarthy is expected to testify as to his knowledge of the facts
 and circumstances surrounding this case.

7

Estimated length of testimony: 3 hours

2.    Sergeant John Alves
      East Haven Police Department
      471 North Main Street
      East Haven, CT  06512

Sergeant Alves is expected to testify as to his knowledge of the facts and

circumstances surrounding this case.

Estimated length of testimony: 1 hour

3.    Dirk Bachmann
      American Medical Response

Mr. Bachman is expected to testify about his treatment and observations

 of the plaintiff.

4.    Joanne Mencucci
      American Medical Response

Ms. Mencucci is expected to testify about her treatment and observations

 of the plaintiff.

5.    John Cinque
      East Haven Fire Department

Mr. Cinque is expected to testify about his treatment and observations of

 the plaintiff.

6.    Keith D'Amico
      East Haven Fire Department

Mr. D'Amico expected to testify about his treatment and observations of

the plaintiff.

7.      Colin Conklin
        American Medical Response

Mr. Conklin expected to testify about his treatment and observations of

the plaintiff.

8.      Lt. Thomas DaCosta.
        471 North Main Street
        East Haven, CT  06512

Lt. DaCosta is expected to testify as to his knowledge of the facts and

circumstances surrounding this case.

Estimated length of testimony: 1.5 hours

9.      Officer Benjamin DeCrosta.
        471 North Main Street
        East Haven, CT  06512

Officer DeCrosta is expected to testify as to his knowledge of the facts

and circumstances surrounding this case.

Estimated length of testimony: 1 hour

10.     Sgt. Jeffrey Emons
        471 North Main Street
        East Haven, CT  06512

Sgt. Emons is expected to testify as to his knowledge of the facts and

circumstances surrounding this case.

9

Estimated length of testimony: 1 hour

11.   Officer Daniel Gilhuly
      471 North Main Street
      East Haven, CT  06512

Officer Gilhuly is expected to testify as to his knowledge of the facts and

circumstances surrounding this case.

Estimated length of testimony: 1 hour

12.   Officer Lance Helms
      471 North Main Street
      East Haven, CT  06512

Officer Helms is expected to testify as to his knowledge of the facts and

circumstances surrounding this case.

 Estimated length of testimony: 1 hour

13.   Officer George Kammerer
      471 North Main Street
      East Haven, CT  06512

Officer Kammerer is expected to testify as to his knowledge of the facts

 and circumstances surrounding this case.

Estimated length of testimony: 1 hour

14.   Officer John Kenney
      471 North Main Street
      East Haven, CT  06512

Officer Kenney is expected to testify as to his knowledge of the facts and

10

circumstances surrounding this case.

Estimated length of testimony: 1 hour

15.    Detective Thomas Russell
       471 North Main Street
       East Haven, CT  06512

       Officer Russell is expected to testify as to his knowledge of the facts and

       circumstances surrounding this case.

       Estimated length of testimony: 1 hour

16.    Trooper Richard McDaniels
       Connecticut State Police

       Trooper McDaniels is expected to testify about his knowledge of the facts

       and circumstances surrounding this case.

**Plaintiff's Objections to Defendant's Proposed Witnesses**:

None.

**Defendant's Objections to Plaintiff's Proposed Witnesses**:

The defendant objects to the following proposed plaintiff's witnesses:

1. David Johnson, Ph.D.

2. Dr. Frederick Haessler

3. Richard Snowden

4.  Dr. Alan Radoff.

**11. <u>Exhibits</u>**

   **A. <u>Plaintiff's Proposed Exhibits</u>**

   1. Discharge Instructions to Patient, Griffin Hospital, 1/7/00.

   2. Emergency Room Record, Griffin Hospital, 1/7/00.

   3. Discharge Summary, Yale-New Haven Hospital, 1/10/00.

   4. Letter from Dr. Alan M. Radoff, to Dr. Eduardo Anhalt, 2/29/00.

   5. Letter from Dr. David Read Johnson to State's Attorney's office,

      New Haven, 5/31/00.

   6. -10. Photographs of plaintiff's bruises.

   **<u>Defendant's Objections to Plaintiff's Proposed Exhibits:</u>**

   1.  Letter from Dr. Alan M. Radoff to Dr. Eduardo Anhalt, 2/29/00:  The

defendant  believes that the letter may contain material that is hearsay, irrelevant

and prejudicial.

   2.  Letter from Dr. David Johnson to State's Attorney's Office, New Haven, May

31, 2000.

   3.  Photographs of Plaintiff:  Upon information and belief, the plaintiff intends to

introduce photographs that contain markings drawn upon them.  In addition, the

defendant does not believe that the plaintiff will be able to establish a proper

foundation for this exhibit.

### B.  Defendants' Proposed Exhibits

1. Case/Incident Report(s) of Ofc. Kevin McCarthy of 1/7/00.

2. Incident Report of Ofc. Kevin McCarthy of 1/7/00.

3. Uniform Arrest Report dated 1-7-00.

4. Initial Report and Continuation of Investigation Report, dated 1/8/00 by the
   Connecticut State Police.

5. Arrest Profile of Patricia Snowden, dated 1/7/00.

6. East Haven P.D. punch-cards regarding Patricia Snowden.

7.  Misdemeanor/M.V. Summons and Complaint dated 9/27/98.

8. Arrest Warrant and Application, signed by Judge Sequino, dated 11/20/98.

9. Appearance Bond, dated 1/8/00.

10. American Medical Response service form, for CMED number 1775.

11. American Medical Response trip report dated 1/8/00.

12. American Medical Response CAD Information sheets dated 1/8/00.

13. American Medical Response Incident Log, dated 1-8-00.

14. East Haven police department records, including case incident reports and
    punch cards.

15. Griffin Hospital Release Authorization

16.     Prior Trial testimony of Plaintiff

**Plaintiff's Objections to Defendant's Proposed Exhibits:**

1.    Exhibit 4. The State Police Report is not relevant to plaintiff's claim against the defendants for excessive force.

2.    Ex. 7.  A copy of the summons and complaint is not relevant; this action does not claim false arrest.

3.    Exhibit 8.  The arrest warrant is not relevant for the reasons set forth in No. 2.

4.    Ex. 9.   The appearance bond is irrelevant because there is no false arrest claim and the bond is irrelevant to the excessive force claim.

5.    Ex. 15.  The Griffin Hospital note is irrelevant hearsay.

6.    Ex. 16.  The plaintiff's testimony in another case is not relevant. It may be referred to by the defendants during their examination of the plaintiff, but should not be an exhibit.

## 12.   Deposition Testimony

The parties do not expect any witnesses to testify by way of deposition.

**13. <u>Jury Instructions</u>**

(The parties reserve their right to revise this proposed jury charge based on the

evidence presented at trial).

**<u>PLAINTIFF:</u>**

**CIVIL RIGHTS CLAIM**

This is a case in which the plaintiff claims that her civil rights were violated

because the defendant deprived her of protections secured to her by the Constitution of

the United States.

The plaintiff has brought this lawsuit to obtain redress for what she contends

were violations of her rights under the United States Constitution, specifically her right

to be free from unreasonable force.  Federal law provides that any individual may seek

redress in this Court, by way of money damages, against any person or persons who,

under color of State law, deprive that individual of any of her constitutional rights.

"Acting under color of law" means "under pretense of law," and simply means acting in

one's capacity as, in this case, a police officer or a municipality.  In this case, the

plaintiff has met her burden of proving that the defendant acted under color of law, so

you need not concern yourselves with that issue.  In order to prove a 1983 claim, the

plaintiff must prove to you, by a preponderance of the evidence, the following three

elements:  First, that the defendant acted under the color of state law.  Second, that

15

defendant intentionally committed acts  that deprived the deceased of a right or rights secured by the Constitution.  And third,  that the acts of the defendant were the proximate, or legal, cause of the plaintiff's  injuries.

The first issue is not in dispute.  The defendant stipulates that they acted under color of state law, as provided by the statute.   Therefore, at this point, you need only consider the second two issues; that is, whether the defendant deprived the plaintiff of her right not to be subjected to unreasonable force and, if so, whether the defendant's actions were the legal cause of any injury suffered by the plaintiff.

In this case, the plaintiff alleges that the defendant, Kevin McCarthy, violated her constitutional rights by subjecting her to unreasonable force.

**POLICE OFFICER TESTIMONY**

There is testimony in this case given by law enforcement officers.  Their testimony is entitled to no speciaL consideration.  Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness does.  You should recall the officer's demeanor on the stand and manner of testifying, and the substance of the testimony and you must weigh and balance it just as carefully as you would the testimony of any other witness.

## EXCESSIVE FORCE

Plaintiff claims that her constitutional rights were violated when she was subjected to excessive force by Officer McCarthy. You must decide whether the defendant acted as the plaintiff claims.

The law provides that a police officer is justified in using physical force upon another person when and to the extent that he reasonably believes it necessary (1) to effect an arrest or to prevent the escape from custody of a person whom he reasonably believes to have committed an offense, or (2) to defend himself or third persons from the use or imminent use of physical force.

Furthermore, a person is not justified in using physical force to resist an arrest by a reasonably identifiable police officer, whether such arrest is legal or not.

In deciding whether plaintiff has proven that the force used was unreasonable in the circumstances, I caution you that a constitutional violation does not occur where a person was injured due to the negligence of the defendants. Rather, you must find that the police officers conduct was intentional.

Nor are the officers actions to be judged with the benefit of 20/20 hindsight. The reasonableness of the inquiry depends only on the officer's knowledge of circumstances immediately at the moment he made the split-second decision to employ deadly force. Police officers must make instant judgments, often while engaged in a

17

physical struggle.  The law does not punish police officers for mistakes in judgment in such circumstances.  Instead, you may find the officer liable for excessive force <u>only if</u> the plaintiff has proven that the force was <u>unreasonable</u> in the circumstances as they appeared to the officer at the time of and at the scene of the incident.  The burden of proof is on the plaintiff to persuade you by a preponderance of the evidence that excessive force was used.[1]

When a plaintiff's injuries are caused by her own unlawful and violent resisting of an arrest, a police officer is <u>not</u> liable for injuries to the plaintiff.  Similarly, when a plaintiff's injuries are the result of her own negligence or conduct, a police officer is not liable for those injuries.[2]

Whether a police officer's use of force is reasonable or unreasonable depends on the circumstances surrounding that use of force, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or

---

[1] 4 Modern Federal Jury Instructions, Civil 87-76, 87-77.  <u>Maria Salim, Administratrix v. Proulx</u>, 93 F.3d 86, 92 (2d. Cir. 1996).

[2] <u>Graham v. Connor</u>, 109 S.Ct. 1865, 104 L.Ed. 2d 443 (1989); <u>Oklahoma City v. Tuttle</u>, 471 U.S. 105 S.Ct. 2427, 86 L.Ed.2d 791 (1985); <u>Rochin v. California</u>, 342 U.S. 165 (1952); <u>Johnson v. Glick</u>,481 F.2d 1028 (2d Cir., 1973), cert. <u>denied</u>, 414 U.S. 1033 (1973);<u>Brudney v. Emstrudo</u>, 414 F. Supp. 1187, 1190 (D.Conn. 1976); <u>Madden v. Town of Meriden</u>, Civ. No. N-84-41 (EBB) (Feb. 8, 1985); C.G.S. 53a-23, also, <u>Whitley v. Albers</u>, 54 U.S.L.W. 4236 (Mar. 4, 1986).

others, and whether he is actively resisting arrest or attempting to evade arrest by

flight.

A police officer is entitled to use such force as a reasonable police officer would

think is required under the circumstances.  Accordingly, if the force used was greater

than the amount of force a reasonable officer would use, then the force is excessive.

On the other hand, if the force used was not greater than the force a reasonable police

officer would use, then the force is, of course, not excessive.

## QUALIFIED IMMUNITY

If you conclude that the plaintiff has met her burden of proof against the

defendant,   Officer McCarthy, he still may not be liable to the plaintiff if he is entitled to

what is called  qualified immunity.  A jury must find that a police officer is entitled to

qualified immunity if his conduct did not violate a clearly established right of the plaintiff

of which a  reasonable person would have known, or it was objectively reasonable for

him to believe that his acts did not violate clearly established rights of a suspect. [3]

The law of qualified immunity is that even if the plaintiff proves that the

 defendant used excessive force in effectuating the arrest, the plaintiff cannot prevail if

the defendant has proved that it was objectively reasonable for him to believe

_____

[3] Posr v. Dohery, 944 F.2d 91 (2d Cir. 1991);  Calamia v. City of New
York, 879 F.2d 1025 (2d Cir. 1989); Finnegan v. Fountain, 915 F.2d 817 (1990).

that his acts did not violate the plaintiff's right not to have excessive force used.  The immunity accorded police officers by this rule is a defense to all but the plainly incompetent or those who knowingly violate the law.  If police officers of reasonable competence could disagree on the legality of the degree of force used, the defendant is not liable.[4]

At the time of the incident giving rise to this lawsuit, it was clearly established in the law that a person had a constitutional right to be free from the unreasonable use of force by police.  However, even where rights or where the law are clearly established, a police officer will not be liable if it was objectively reasonable for him to believe his particular acts were lawful.[5]

In deciding whether the actions of the defendant were objectively reasonable, you should consider the nature of a police officer's official duties, the character of his official position, the information which was known to him or not known to him, and the event or events which confronted him.  You must ask yourself how a reasonable police

_____

[4] Finnegan v. Fountain, supra 915 F.2d 823; Lowth v. Town of Cheektowage, 82 F.2d 563, 569 (2d Cir. 1996).

[5] Wyatt v. Cole, 504 U.S. 158, 165-166 (1992); Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982); Russo v. Coppola, supra; Finnegan v Fountain, 915 F.2d 817, 823 (2d Cir. 1990).

officer in each defendant's situation would have acted.  You should <u>not</u>, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiff.  You should  use your own common sense.[6]

## DAMAGES

Now, if you have found the plaintiff has proven by a preponderance of the evidence that the defendant unlawfully used excessive force against her, and you find that the defendant is not entitled to qualified immunity and that he did not act in good faith, then you may at this point, and only at this point, consider what compensatory damages if any, are due to the plaintiff.

Of course, the fact that I give you instructions on damages should not be taken as an indication that I think damages should, or should not, be awarded.  That is a determination which is left entirely to the jury.  I am instructing you on principles governing damage awards so that, in the event you should the defendant liable, you will know on what basis to consider any award of damages.

You may only award those damages which the plaintiff has proven by a preponderance of the evidence to have suffered, and which was proximately caused by

---

[6] 4 Modern Federal Jury Instructions, Instruction 87-86; <u>Russo v. Coppola</u>, <u>supra.</u>

21

the defendant's conduct.  Conduct is considered a proximate cause if it was a direct and substantial factor in causing the injury.

Compensatory Damages.  There are two kinds of damages that you may consider.  The first is compensatory damages: a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct.  You may consider any dollar loss suffered, such as for medical expenses, as well as a reasonable amount to compensate for any pain, suffering, or embarrassment which you find to have occurred.

Nominal Damages.  You may also, if you find it warranted, award plaintiff only nominal damages, of one dollar ($1.00),  or more.  You may not award more than nominal damages if you find that the plaintiff proved that she suffered a constitutional deprivation, but failed to prove that she suffered any actual injury as a result.  The law does not recognize an abstract or inherent monetary value for a constitutional right.[7]

Punitive Damages.  If you decide to award compensatory damages to the

---

[7] Memphis Community School District, et al, v. Stachura, 54 U.S.L.W. 4771 (June 25, 1986); Carey v. Piphus, 435 U.S. 247 (1978); McKenna v. Peekskill Housing Authority, 647 F.2d 332, 335, 337 (2d Cir., 1978); David v. Village Park II Realty Co., 578 F.2d 461 (2d Cir., 1978); Crawford v. Garnier, 719 F.2d 1317 (7th Cir., 1983); Families Unidas v.Briscoe, 619 F.2d 391, 402 (5th Cir., 1980); Jordan v. Dellway Villa of Tenn. Ltd., 661 F.2d 588, 594 (6th Cir., 1981); Bush v. Muncy, 659 F. 2d 77, 79 (6th Cir., 1981).

plaintiff, you may also consider whether or not to award punitive damages to that plaintiff.  The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some extraordinary or outrageous misconduct, and to serve as an example or warning to others not to engage in wrongful conduct.  If you find that the plaintiff proved her claim to you and that she suffered actual injury, and if you further find that the acts of the defendant were done because of reckless or callous disregard of or indifference to her rights or safety, or with malice, then you may award punitive damages as you find proper.

The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community.  In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case.  These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [8]

---

[8]  Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).

**ATTORNEY'S FEES**

Your decision on what damages to award, if any, should not be influenced by the attorney's fees to which counsel may be entitled.  I instruct you that attorney's fees for services in this lawsuit are <u>not</u> a proper element of damages and may not be a part of your deliberations.  Attorney's fees are a matter for the court's consideration and may be awarded by the court to counsel over and above damages awarded to a party.  Such an award of attorney's fees is, however, for the court to determine.[9]

---

9.  Instruction given by Honorable Jose A. Cabranes in <u>Bodner v. Haeckel</u>, Civil No. N-86-338 (JBA); <u>Harlow  v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>Malley v.     Briggs</u>, 475 U.S. 335 (1986).

**DEFENDANT:**

**CIVIL RIGHTS**

   This is a case in which the plaintiff claims that her civil rights were violated because the defendant deprived her of protections secured to her by the Constitution of the United States.  The suit is brought under a section of Federal law known as Civil Rights Act, which provides as follows:

> Every person who, under color of any statute . . . of any state . . . subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution shall be liable to the party injured . . .

I may refer to this claim as a "§ 1983 claim."

   In order to prove a §1983 claim, the plaintiff must prove to you, by a preponderance of the evidence, the following three elements:  First, that the defendant acted under the color of state law.  Second, that defendant intentionally committed acts that deprived the deceased of a right or rights secured by the Constitution.  And third, that the acts of the defendant were the proximate, or legal, cause of the plaintiff's injuries.   As I will explain later, if the plaintiff does in fact prove these elements by a preponderance of the evidence, you will then need to consider whether the defendant raised a valid defense that his actions were legally justified by the circumstances of the case.

The first issue is not in dispute.  The defendant stipulates that they acted under color of state law, as provided by the statute.   Therefore, at this point, you need only consider the second two issues; that is, whether the defendant deprived the plaintiff of her right not to be subjected to unreasonable force and, if so, whether the defendant's actions were the legal cause of any injury suffered by the plaintiff.

In this case, the plaintiff alleges that the defendant, Kevin McCarthy, violated her constitutional rights by subjecting her to unreasonable force.

## POLICE OFFICER TESTIMONY

There is testimony in this case given by law enforcement officers.  Their testimony is entitled to no special sanctity or suspicion.  Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness does.  You should recall the officer's demeanor on the stand and manner of testifying, and the substance of the testimony and you must weigh and balance it just as carefully as you would the testimony of any other witness.

26

## ORDER OF EVIDENCE

There are generally two parts to the way a trial is presented.  First the plaintiff presents its case and then the defendant presents his case.  However, it should not be of concern to you whether particular evidence comes in during the plaintiff's case or during the defendant's case.  The evidence will be presented in the manner and sequence the Court and the attorneys deem necessary and appropriate.  You must consider all the evidence that the Court determines is properly admitted, and give it such weight as you deem appropriate.

You have to be concerned with competing interests, both of which are important.   On the one hand, there is the interest of the defendant police officer in the proper performance of his duties including the protection of his own safety and the protection of the rights of other persons.  On the other hand, there is the interest of, in this case, the plaintiff to enjoy her constitutional rights.   Now, I do not mean to suggest that the plaintiff should win simply because physical contact or force occurred between her and a police officer.  Nor do I mean to suggest that the defendant should win simply because he was on duty and acting as a peace officer.  There are standards for you to apply and the law tries to accommodate the competing interests of the citizens and the police officer.

**EXCESSIVE FORCE**

Plaintiff claims that her constitutional rights were violated when she was allegedly subjected to excessive force by Officer McCarthy.  You must decide whether the defendant acted as the plaintiff claims.

The law provides that a police officer is justified in using physical force upon another person when and to the extent that he reasonably believes it necessary (i) to effect an arrest or to prevent the escape from custody of a person whom he reasonably believes to have committed an offense, or (2) to defend himself or third persons from the use or imminent use of physical force.

Furthermore, a person is <u>not</u> justified in using physical force to <u>resist</u> an arrest by a reasonably identifiable police officer, whether such arrest is legal or not.

In deciding whether plaintiff has proven that the force used was unreasonable in the circumstances, I caution you that a constitutional violation does not occur where a person was injured due to the <u>negligence</u> of the defendants.  Rather, you must find that the police officers' conduct was intentional.

Nor are the officers' actions to be judged with the benefit of "20/20 hindsight."  The reasonableness of the inquiry depends only on the officer's

knowledge of circumstances immediately at the moment he made the split-second decision to employ deadly force.  Police officers must make instant judgments, often while engaged in a physical struggle.  The law does not punish police officers for mistakes in judgment in such circumstances.  Instead, you may find the officer liable for excessive force only if the plaintiff has proven that the force was unreasonable in the circumstances as they appeared to the officer at the time of and at the scene of the incident.  The burden of proof is on the plaintiff to persuade you by a preponderance of the evidence that excessive force was used.[1]

When a plaintiff's injuries are caused by her own unlawful and violent resisting of an arrest, a police officer is not liable for injuries to the plaintiff.  Similarly, when a plaintiff's injuries are the result of her own negligence or conduct, a police officer is not liable for those injuries.[2]

---

[1] 4 Modern Federal Jury Instructions, Civil 87-76, 87-77.  Maria Salim, Administratrix v. Proulx, 93 F.3d 86, 92 (2d. Cir. 1996).

[2] Graham v. Connor, 109 S.Ct. 1865, 104 L.Ed. 2d 443 (1989); Oklahoma City v. Tuttle, 471 U.S. 105 S.Ct. 2427, 86 L.Ed.2d 791 (1985); Rochin v. California, 342 U.S. 165 (1952); Johnson v. Glick,481 F.2d 1028 (2d Cir., 1973), cert. denied, 414 U.S. 1033 (1973);Brudney v. Emstrudo, 414 F. Supp. 1187, 1190 (D.Conn. 1976); Madden v. Town of Meriden, Civ. No. N-84-41 (EBB) (Feb. 8, 1985); C.G.S. 53a-23, also, Whitley v. Albers, 54 U.S.L.W. 4236 (Mar. 4, 1986).

Whether a police officer's use of force is reasonable or unreasonable depends on the circumstances surrounding that use of force, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

A police officer is entitled to use such force as a reasonable police officer would think is required under the circumstances. Accordingly, if the force used was greater than the amount of force a reasonable officer would use, then the force is excessive. On the other hand, if the force used was not greater than the force a reasonable police officer would use, then the force is, of course, not excessive.

## QUALIFIED IMMUNITY

If the plaintiff has failed to prove her claim against Officer McCarthy by a preponderance of the evidence; then you need not deliberate any further.

But, even if you were to find that the plaintiff proved her claim against Officer McCarthy, he still may not be liable to the plaintiff if he is entitled to what is called qualified immunity. A jury must find that a police officer is entitled to qualified immunity if his conduct did not violate a clearly established right of the plaintiff

of which a reasonable person would have known, or it was objectively reasonable for him to believe that his acts did not violate clearly established rights of a suspect. [3]

The law of qualified immunity is that even if the plaintiff proves that the defendant used excessive force in effectuating the arrest, the plaintiff cannot prevail if the defendant has proved to you that it was "objectively reasonable" for him to believe that his acts did not violate the plaintiff's right not to have excessive force used.  The immunity accorded police officers by this rule is a defense to all but the plainly incompetent or those who knowingly violate the law. If police officers of reasonable competence could disagree on the legality of the degree of force used, the defendant is  not liable.[4]

At the time of the incident giving rise to this lawsuit, it was, of course, clearly established in the law that a person had a constitutional right to be free from the unreasonable use of force by police.  However, even where rights or where the law are clearly established, a police officer will not be liable if it was objectively reasonable for him to believe his particular acts were lawful.[5]

---

[3] Posr v. Dohery, 944 F.2d 91 (2d Cir. 1991);  Calamia v. City of New York, 879 F.2d 1025 (2d Cir. 2989); Finnegan v. Fountain, 915 F.2d 817 (1990).
[4] Finnegan v. Fountain, supra 915 F.2d 823; Lowth v. Town of Cheektowage, 82 F.2d 563, 569 (2d Cir. 1996).
[5] Wyatt v. Cole, 504 U.S. 158, 165-166 (1992); Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982); Russo v. Coppola, supra; Finnegan v Fountain, 915 F.2d 817, 823 (2d Cir. 1990).

In deciding whether the actions of the defendant were objectively reasonable, you may consider the nature of a police officer's official duties, the character of his official position, the information which was known to him or not known to him, and the event or events which confronted him. You must ask yourself how a reasonable police officer in each defendant's situation would have acted. You should <u>not</u>, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiff. You may also use your own common sense.[6]

**GOOD FAITH DEFENSE**

The defendant police officers have alleged, as a special defense, that they acted in "good faith" in their capacity as police officers. In other words, even if you find some facts in favor of the plaintiff, you must find in favor of a police officer if you find that he acted in good faith. A defendant police officer acts in good faith <u>unless</u> the objective facts known to the police officer were so lacking in indications of reliability that no police officer could reasonably believe that a sufficient basis for his actions existed.

If the plaintiff first proves by a preponderance of the evidence that a

_____

[6] 4 Modern Federal Jury Instructions, Instruction 87-86; <u>Russo v. Coppola</u>, <u>supra.</u>

sufficient basis was lacking for the police officer's actions, then and only then, does the defendant have the burden of producing some evidence that they acted in good faith. Once the defendant has produced credible evidence that he acted in good faith, even though a sufficient basis for his action was lacking, the burden shifts back to the plaintiff to offer other evidence to overcome the evidence of good faith.

What this means here is that if you determine that the officer may have violated the plaintiff's rights, you must then determine whether he was acting in good faith in his capacity as a police officer. Again, you must keep in mind that the ultimate burden of proof is always on the plaintiff to prove by a preponderance of the evidence that an insufficient basis for the officer's action in good faith were lacking.[7]

## DAMAGES

Now, if you have found the plaintiff has proven by a preponderance of the evidence that the defendant unlawfully used excessive force against her, and you find that the defendant is <u>not</u> entitled to qualified immunity and that he did

---

[7] Harlowe v. Fitzgerald, 457 U.S. 800 (1982); Malley v. Briggs, 475 U.S. 335 (1986).

not act in good faith, then you may at this point, and only at this point, consider what compensatory damages if any, are due to the plaintiff.

Of course, the fact that I give you instructions on damages should not be taken as an indication that I think damages should, or should not, be awarded. That is a determination which is left entirely to the jury. I am instructing you on principles governing damage awards so that, in the event you should the defendant liable, you will know on what basis to consider any award of damages.

You may only award those damages which the plaintiff has proven by a preponderance of the evidence to have suffered, and which was proximately caused by the defendant's conduct. Conduct is considered a proximate cause if it was a direct and substantial factor in causing the injury.

Compensatory Damages. There are two kinds of damages that you may consider. The first is compensatory damages: a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. You may consider any dollar loss suffered, such as for medical expenses, as well as a reasonable amount to compensate for any pain, suffering, or embarrassment which you find to have occurred.

Nominal Damages. You may also, if you find it warranted, award plaintiff only "nominal" damages, of one dollar or more. You may not award more than

nominal damages if you find that the plaintiff proved that she suffered a constitutional deprivation, but failed to prove that she suffered any actual injury as a result. The law does not recognize an abstract or inherent monetary value for a constitutional right.[8]

Punitive Damages. Only if you decide to award compensatory damages to the plaintiff, may you then consider whether or not to award punitive damages to that plaintiff. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some extraordinary or outrageous misconduct, and to serve as an example or warning to others not to engage in wrongful conduct. If you find that the plaintiff proved her claim to you and that she suffered actual injury, and if you further find that the acts of the defendant were done because of his maliciousness, or his reckless or callous disregard of or indifference to the rights or safety of others, then you may award punitive damages as you find proper.

---

[8] Memphis Community School District, et al. v. Stachura, 54 U.S.L.W. 4771 (June 25, 1986); Carey v. Piphus, 435 U.S. 247 (1978); McKenna v. Peekskill Housing Authority, 647 F.2d 332, 335, 337 (2d Cir., 1978); David v. Village Park II Realty Co., 578 F.2d 461 (2d Cir., 1978); Crawford v. Garnier, 719 F.2d 1317 (7th Cir., 1983); Families Unidas v.Briscoe, 619 F.2d 391, 402 (5th Cir., 1980); Jordan v. Dellway Villa of Tenn. Ltd., 661 F.2d 588, 594 (6th Cir., 1981); Bush v. Muncy, 659 F. 2d 77, 79 (6th Cir., 1981).

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are allowed only if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal.  You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason, and you should take into consideration any evidence of the defendants' net worth and thus the relative impact on the defendants' livelihood.  They must never be either awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

**ATTORNEY'S FEES**

Your decision on what damages to award, if any, should not be influenced by the attorney's fees to which counsel may be entitled.  I instruct you that attorney's fees for services in this lawsuit are <u>not</u> a proper element of damages and may not be a part of your deliberations.  Attorney's fees are a matter for the court's consideration and may be awarded by the court to counsel over and above damages awarded to a party.  Such an award of attorney's fees is, however, for the court to determine.[9]

---

[9]    Instruction given by Honorable Jose A. Cabranes in <u>Bodner v.</u>

THE PLAINTIFF


BY:_____
KATRENA ENGSTROM
Williams and Pattis, LLc
Federal Bar No. ct09444
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX:  203/776-9494


May 5, 2004

(Defendant's counsel signature appears on next page)

---

Haeckel, Civil No. N-86-338 (JAC);Harlow  v. Fitzgerald, 457 U.S. 800 (1982); Malley v. Briggs, 475 U.S. 335 (1986).

37

THE DEFENDANT


BY:_____
HUGH F. KEEFE
Federal Bar No. ct05106
P. O. Box 1612
New Haven, CT 06506-1612
203.787.0275
Fax: 203.782.0278


May 5, 2004